LONG, Presiding Judge.
The appellant, Kenneth Lamar Senn, was convicted in district court in Dale County for driving under the influence of alcohol, a violation of § 32-5A-191(a)(2), Ala.Code 1975. He appealed to Dale Circuit Court, and a jury found him guilty of driving under the influence. He was sentenced to six months in the county jail.
The appellant contends that the trial court committed reversible error by allowing into evidence over his objection testimony concerning the results of the Intoxilyzer 5000 (“1-5000”) blood-alcohol test that was administered to him by the arresting officer, State Trooper Bobby L. Powell. Trooper Powell testified that the 1-5000 test results indicated that the appellant’s blood-alcohol concentration was .176%. In its jury charge, the trial court instructed jurors that a blood-alcohol concentration of .10% or more creates a rebuttable statutory presumption that a person is intoxicated. See § 32-5A-194(b)(3), Ala. Code 1975 [1]. The appellant claims that it was error to allow Trooper Powell’s testimony because, he says, the state failed to establish a predicate for admission of the 1-5000 test results.
It is undisputed that the state did not establish the statutory predicates for admission of the 1-5000 test results required by § 32-5A-194(a)(l), Ala.Code 1975. See C. Gamble, McElroy’s Alabama Evidence, § 490.01(3) (5th ed.1996); Seewar v. Town of Summerdale, 601 So.2d 198, 200-01 (Ala.Cr.App.1992). In Ex parte Mayo, 652 So.2d 201 (Ala.1994), the Alabama Supreme Court held that, in addition to the statutory predicate, I-5000 test results can be admissible, in the alternative, under a traditional evidentiary predicate, if the prosecution “shows that the test was administered by a qualified officer in the usual manner and that the 1-5000 in question passed inspection before and after the test.” 652 So.2d at 211. However, our review of the record leads us to conclude that the state also failed to lay a traditional evi-dentiary predicate, because the state did not sufficiently establish that the 1-5000 used to test the appellant had passed inspection before and after the test. While the state’s evidence established that Trooper Powell was qualified to administer the 1-5000 test and that he administered the test in the usual manner, the state presented no evidence to show that the 1-5000 used to test the appellant was checked for accuracy after the test. Although Trooper Powell testified that a logbook was used to record the dates and results of calibration inspections of 1-5000 machines, he was unable to state when the I-5000 used to test the appellant had last been checked for accuracy. The logbook for the 1-5000 was not offered in evidence, and there was no testimony concerning the specific contents of the logbook with respect to the *505 particular 1-5000 used to test the appellant. Neither the custodian of the logbook nor the officer who performed the calibration inspection of the 1-5000 testified. Because the state did not lay a sufficient predicate concerning the accuracy of the 1-5000, the trial court erred in allowing Trooper Powell to testify concerning the results of the 1-5000 test.
The state argues that if admission of the testimony concerning the 1-5000 results was error, it was harmless beyond a reasonable doubt, because Trooper Powell gave testimony, other than that relating to the I-5000, concerning the appellant’s impaired condition at the time of his arrest and also testified that he smelled the odor of alcohol on the appellant’s breath, providing, the state says, independent and strong proof of intoxication for purposes of § 32-5A-191(a)(2), Ala.Code 1975. We cannot agree. The evidence of intoxication here was conflicting. The appellant testified in his own behalf and maintained that, although he had drunk alcohol earlier in the day, his ability to operate a vehicle was not impaired. Here, as in Ex parte Curtis, 502 So.2d 833, 835 (Ala.1986), “[i]n light of the conflicting testimony and the great weight often given to results from sophisticated, technical machinery,” we cannot say that admission of the testimony concerning the 1-5000 test results was harmless error.
The judgment of the trial court is reversed and the cause is remanded to that court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.

. Section 32-5A-194(b)(3) was amended effective August 9, 1995, to lower the blood-alcohol level required for the statutory presumption to .08%.