On November 19, 1996, Jerry Thomas Davis was convicted of driving under the influence (CC-96-168) and speeding (96-169), violations of §§ 32-5A-191(a)(2) and 32-5A-171(3), Ala. Code 1975, respectively. For his conviction of driving under the influence, Davis was sentenced to six months' hard labor in the Cullman County jail and was fined $2,500. Davis was sentenced to 10 days' hard labor and fined $100 on the speeding conviction. He appeals from only his conviction of driving under the influence (CC-96-168).
Davis argues that the trial court committed reversible error by allowing testimony concerning the results of the Intoxilyzer 5000 ("I-5000") blood-alcohol test that was administered to him by the arresting officer, State Trooper Bryan Grimmett. Trooper Grimmett testified that the I-5000 test was administered to Davis twice and that those tests indicated a blood-alcohol concentration of .136% and .155%, respectively. In its jury charge at the close of evidence, the trial court instructed jurors that a blood-alcohol concentration of .10% or more creates a presumption that a person is intoxicated.See § 32-5A-194(b)(3), Ala. Code 1975.[1]
Davis objected to the introduction of the results of the I-5000 tests on the grounds that the state had failed to establish a proper predicate for the admission of the test results because it had failed to introduce evidence that the I-5000 was properly calibrated at the time the blood-alcohol test was performed. Davis contends that the introduction of the test results without a proper predicate was reversible error. We agree.
 " Section 32-5A-194(a)(1), Ala. Code 1975, provides that blood alcohol tests shall be admissible so long as the tests 'have been performed according to the methods approved by the Department of Forensic Sciences.' The rules of the Alabama Department of Forensic Sciences relating to chemical tests for intoxication, Chapter 370-1-1, provide that breath-testing equipment shall be inspected at least once each calendar month by an implied consent unit inspector for the Department of Public Safety. (C.R. 45-52.) Thus, blood alcohol test results may be admissible under the *Page 1116 
statute if the officer who performed the inspection testifies that the device was properly calibrated.
 "In Ex parte Mayo, the Alabama Supreme Court set out an alternate method for establishing the necessary predicate for the introduction of I-5000 results:
 " 'To establish a predicate for admitting the test results, without reliance on the statute [§ 32-5A-194, Ala. Code 1975], there should be evidence that:
 " '(1) the theory underlying the photoelectric intoximeter test is valid and generally accepted as such;
 " '(2) the intoximeter is a reliable instrument and is generally accepted as such;
 " '(3) the intoximeter test was administered by a qualified individual who could properly conduct the test and interpret the results, and
 " '(4) the instrument used in conducting the test was in good working condition and the test was conducted in such a manner as to secure accurate results.'
 "652 So.2d 201, 209 (Ala. 1994) (quoting Moore v. State, 442 So.2d 164, 167 (Ala.Cr.App. 1983)).
 "Under either method of establishing the predicate for the introduction of test results, the State is required to show that the device was in proper working condition when the test was administered. This showing can be made in one of two ways. The officer who performed the inspection of the device can give direct testimony that it was in proper working condition, or the State may introduce a certified copy of the inspection logbook that reflects that the device passed inspection before and after the test was administered. See Gwarjanski v. State, 700 So.2d 357 (Ala.Cr.App. 1996)."
Steiner v. State, 706 So.2d 1308, 1310 (Ala.Cr.App. 1997).
Trooper Grimmett testified that he had no personal knowledge as to whether the I-5000 used to test Davis had passed a calibration inspection before or after the tests were administered. (R. 48-51.) No other evidence was introduced at trial to establish that the I-5000 in question had passed the necessary inspections.
In light of the great weight often given to the results of scientific tests involving sophisticated machinery, we hold that the introduction of testimony concerning the results of the I-5000 tests, without first establishing a proper predicate, was reversible error. See Senn v. State,710 So.2d 503 (Ala.Cr.App. 1997).
For the above-stated reasons, the judgment of the trial court in CC-96-168 is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
[1] Section 32-5A-194(b)(3) was amended effective August 9, 1995, to lower the blood-alcohol level required for the statutory presumption to .08%.